UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TEKNOL, INC.,

Plaintiff,

Case No. 3:26-cv-131

vs.

SPEED AUTO BODY SHOP SUPPLIES, *et al.*,

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION TO STAY THE PROCEEDINGS PENDING THE RESOLUTION OF THE CONCURRENT STATE CASE (Doc. No. 7)**

---

In this civil case, Plaintiff Teknol, Inc. brings claims, through counsel, against Defendants Speed Auto Body Shop Supplies ("SABSS"), Antonio Cardenas, and Leticia Cardenas under Ohio common law and Ohio's Civil Theft Statute, R.C. § 2307.60, *et. seq.* Doc. No. 5 at PageID 50–51. This case is before the Court on Defendants' motion to dismiss, or, in the alternative, stay the case. Doc. No. 7. Plaintiff filed a response (Doc. No. 11), and Defendants submitted a reply (Doc. No. 12). The motion is now ripe for review. For the reasons that follow, the Court grants the motion and stays the litigation pending resolution of the concurrent state case.

## I. BACKGROUND

This case arises from a commercial dispute between Plaintiff Teknol, Inc., an Ohio-based manufacturer of car products, and Defendant SABSS, a California-based distributor of car products. Doc. No. 7 at PageID 56. In October 2025, SABSS sued Teknol in California Superior Court (the "California Case") for violating the parties' commercial agreement. *Id.* at PageID 57.

SABSS alleged, among other claims, breach of contract, breach of warranty, and unfair competition. *Id.* at PageID 58. Five months later, while the California Case was still pending, Teknol sued SABSS and its partners—Antonio and Leticia Cardenas—in the Montgomery County, Ohio Court of Common Pleas. Doc. No. 1-1. Teknol brought "mirror-image" claims for breach of contract and civil theft, alleging SABSS purchased its products on credit but failed to pay outstanding invoices. *See generally* Doc. No. 1-1; *see also* Doc. No. 12 at PageID 157. Defendants timely removed the action to this Court. Doc. No. 1 at PageID 1. Defendants contend this Court should abstain from hearing the case under *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), because this case and the California Case involve substantially similar claims, all of which arise under state law. Doc. No. 7 at PageID 59–60.

## II. DISCUSSION

### A. The Procedural Vehicle for Obtaining a Stay under *Colorado River*

Courts have been inconsistent in determining which procedural vehicle a party should use to move for abstention under *Colorado River*. *Lenahan v. Cincinatti Ins. Co.*, No. 1:24-cv-722, 2025 WL 3513885, at *7 (S.D. Ohio Dec. 8, 2025). Some courts in the Sixth Circuit analyze abstention under Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), while others address the issue under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). *Compare Kornhauser v. Notting Hill, LLC*, No. 1:17-cv-719, 2018 WL 4625552, at *3 (S.D. Ohio Sep. 27, 2018) (finding that a party properly argued *Colorado River* abstention in its Rule 12(b)(1) motion to dismiss), *with Perry v. Cnty. of Wayne*, No. 24-12056, 2024 WL 4697673, at **2, 4–5 (E.D. Mich. Nov. 6, 2024) (finding that a party properly argued *Colorado River* abstention in its Rule 12(b)(6) motion to dismiss)).

While neither vehicle is a perfect fit, Rule 12(b)(1) is the better fit. *Lenahan*, 2025 WL 3513885, at *3. A court invoking abstention does not question the merits of a claim; rather, it asks whether the state court is the more appropriate forum to resolve the dispute. *Id*. (citation omitted). When deciding whether to abstain under *Colorado* River, the issue is which court should decide the claim and not whether plaintiff has stated a viable claim. *Id*. Accordingly, the Court relies on Rule 12(b)(1) as the proper procedural vehicle to obtain a stay under *Colorado River.*

**B. Parallel Actions**

Although federal courts have a "virtually unflagging obligation . . . to exercise the[ir] jurisdiction, . . . considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise[e] of jurisdiction by state and federal courts." *Colo. River*, 424 U.S. at 817. Before abstaining under *Colorado River*, a federal court must first determine whether the state and federal proceedings are parallel. *Healthcare Co. v. Upward Mobility, Inc.*, No. 18-5781, 2019 WL 3960546, at *3 (6th Cir. Aug. 22, 2019) (citation omitted). If the proceedings are parallel, the court must then weigh the eight *Colorado River* factors to determine whether abstention is warranted. *Id.* (citation omitted).

The Sixth Circuit has observed that "'[e]xact parallelism' is not required; 'it is enough if the two proceedings are substantially similar.'" *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) (citation omitted). Each cause of action need not be identical. *See Healthcare Co.*, 2019 WL 3960546, at *3 ("Parallelism does not require identical causes of action in the state and federal lawsuits"). Instead, the Court focuses on the underlying material facts. *Preferred Care of Delaware, Inc. v. VanArsdale*, No. 16-5209, 2017 WL 129036, at *5 (6th Cir. Jan. 13, 2017) ("[S]o long as 'the parties are substantially similar,' and the claims raised in both suits are 'predicated on the same allegations as to the same material facts,' the two actions will come close enough to count

as parallel") (cleaned up); *see also Romine*, 160 F.3d at 340 (noting that because the state and federal suit each arose from the same underlying facts, the actions were parallel). Here, the parties agree that the California Case and the instant suit are parallel. Doc. No. 11 at PageID 135; Doc. No. 7 at PageID 60. The Court agrees that the suits are parallel because both involve claims for breach of contract with respect to Defendants' purchase, and Plaintiff's production, of various automotive products over the same period of time. Doc. No. 7 at PageID 60.

### C. The *Colorado River* Abstention Factors

The Sixth Circuit set has set forth the following *Colorado River* abstention factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence of absence of concurrent jurisdiction.

*S2 Yachts v. ERH Marine Corp.*, No. 20-1479, 2021 WL 1943371, at *6 (6th Cir. May 14, 2021) (citation omitted). The decision to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). While the balance is weighted heavily in favor of exercising jurisdiction, the most important factor is the "avoidance of piecemeal adjudication." *Id.* (citation omitted). For the reasons discussed below, the Court concludes that even when "weighted in favor" of exercising jurisdiction, the balance of the eight factors support abstention here.

*1. Factor No. 1: The State Court's Jurisdiction Over Res or Property*

Where a state court does not assume jurisdiction over any res or property, this factor weighs against abstention. *See United Specialty Ins. Co. v. Seidenfaden's LLC*, No. 3:16-cv-00190, 2016 WL 6078307, at *7 (W.D. Ky. Oct. 13, 2016) (noting that the inapplicability of the first factor weighs against abstention). Here, neither court has assumed jurisdiction over any res or property in these parallel suits. Doc. No. 7 at PageID 65. Furthermore, Plaintiff and Defendants agree that the first factor weighs against abstention. *Id.*; Doc. No. 11 at PageID 135.

*2. Factor No. 2: The Convenience of the Federal Forum*

This factor "relates to geographical considerations, not . . . the relative jurisdictional scope of state versus federal courts." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001). In *Colorado River*, the Supreme Court concluded that a 300-mile distance between the federal district court and state court where both actions were pending was long enough to warrant abstention. 424 U.S. at 820. Here, the distance between the state and federal forums is over 2,000 miles. Doc. No. 7 at PageID 63. Plaintiff argues that it is a citizen of Ohio and that this Court is a more convenient forum for it and its witnesses. Doc. No. 11 at PageID 136. However, California is where Defendants' alleged damages were incurred; where the parties' negotiations took place; where Plaintiff's sales representative is located; and where most witnesses are located. Doc. No. 7 at PageID 63. Accordingly, the second factor weighs in favor of abstention.

*3. Factor No. 3: The Avoidance of Piecemeal Litigation*

There is a risk of piecemeal litigation "when parallel cases with overlapping claims are litigated at the same time with the possibility of inconsistent results." *RRI Assocs. v. Huntington Way Assocs.*, 661 F. Supp. 3d 732, 739 (S.D. Ohio 2023) (citation omitted). The Sixth Circuit has cautioned that when a state and federal court might be adjudicating the same issues, this factor

counsels in favor of abstention. *See Preferred Care*, 2017 WL 129036, at *7 (observing that when a state and federal court are adjudicating the same issues, the risk of piecemeal litigation is high) (citation omitted). This the most important factor to the Court's abstention analysis. *See Moses H. Cone*, 460 U.S. at 16 ("By far the most important factor is . . . the clear federal policy of avoidance of piecemeal adjudication . . .").

Here, the claims before the Court involve the same facts being litigated in the California Case. Doc. No. 7 at PageID 62; Doc. No. 12 at PageID 157. Namely, all of the claims before this Court and the California Superior Court concern whether Plaintiff and Defendant breached their contractual obligations to one another. *Id.* Plaintiff concedes this. *See* Doc. No. 11 at PageID 136 ("Avoiding piecemeal litigation—arguably favors abstention . . ."). Accordingly, this factor supports abstention. *See Healthcare Co.*, 2019 WL 3960546, at *5 ("If both actions are permitted to go forward, two courts would be adjudicating the same legal issues— the classic piecemeal litigation situation").

Plaintiff argues that because Defendants failed to name the correct parties when they filed their initial complaint in the California Case, this factor disfavors abstention. Doc. No. 11 at PageID 136. However, this does not change the fact that this Court would be adjudicating the same issues as the California Superior Court. In other words, it does not affect the risk of piecemeal litigation. Consequently, it has no bearing on whether this Court should abstain under *Colorado River*. *Cf. Healthcare Co.*, 2019 WL 3960546, at *5 (observing that the most important consideration for this factor is whether two courts would be adjudicating the same legal issue(s)).

*4. Factor No. 4: The Order in which Jurisdiction was Obtained*

This factor favors abstention when the state court action was filed before the federal court action. *See Intelligrated Sys., LLC v. Hy-Tek Material Handling Installation Servs.*, No. 1:21-cv-

807, 2022 WL 1423169, at *4 (S.D. Ohio. May 5, 2022). The parties disagree on which court, the California Superior Court or this Court, obtained jurisdiction first in this matter. Doc. No. 7 at PageID 63; Doc. No. 11 at PageID 137; Doc. No. 12 at PageID 159. Plaintiff argues that because Defendants improperly named them when they filed their initial complaint in the California Case, the Court should not abstain from hearing its instant lawsuit. Doc. No. 11 at PageID 137. Defendants respond that they were unaware of Plaintiff's actual identity when they filed their initial complaint in California and that they later amended their complaint to include the correct party. Doc. No. 12 at PageID 160.

Whether or not Defendants properly named Plaintiff in the California Case, that case was filed first in California Superior Court and had been pending for five months before Plaintiff filed the instant action. Doc. No. 7 at PageID 63. This factor supports abstention. *See Intelligrated Sys.*, 2022 WL 1423169, at *4 (S.D. Ohio. May 5, 2022) (noting that in the absence of bad faith, jurisdiction is favored in the forum in which the first suit was filed).

*5. Factor No. 5: The Source of Governing Law*

Neither party has asserted any federal claims. Doc No. 7 at PageID 64. In the California Case, Defendants filed seven claims arising under California state law; in the instant action, Plaintiff filed three claims under Ohio law. *Id.* This factor supports abstention. *See Intelligrated Sys.*, 2022 WL 1423169, at *5 ("The presence of state contract and tort issues favor abstention") (citing *Healthcare Co.*, 2019 WL 3960546, at *5)).

*6. Factor No. 6: The Adequacy of the State Court to Protect the Federal Plaintiff's Rights*

Plaintiff agrees that the court in California is an adequate forum to protect its rights. Doc. No. 11 at PageID 139. However, Plaintiff contends that California is more expensive than Ohio in general. *See id.* ("[W]hile the California forum is adequate, there can be little doubt that

California is vastly more expensive than Ohio in general"). This is irrelevant to whether the California Superior Court is an adequate forum to protect Plaintiff's rights. *Cf. Kornhauser*, 2018 WL 4625552 at *2 (explaining that a state court is an adequate forum to protect a party's interest when its claims are governed by state law). Accordingly, this factor favors abstention.

*7. Factor No. 7: The Relative Progress of Each Proceeding*

In evaluating this factor, the Court looks at the relative progress of the state and federal proceedings. *Healthcare Co.*, 2019 WL 3960546, at *4. While the parties disagree on the relative progress of each proceeding, they agree that both the state and federal proceeding are in their early stages. *See e.g.*, Doc. No. 7 at PageID 65; Doc. No. 11 at PageID 139; Doc. No. 12 at PageID 161. Although this factor weighs against abstention, the Sixth Circuit has noted that where both the state and federal proceedings are in early stages, "the weight against abstention is . . . [still] . . . very light." *Healthcare Co.*, 2019 WL 3960546, at *5.

Additionally, the Supreme Court has noted that where parallel state litigation may be vexatious or reactive, abstention is warranted under *Colorado River*. *See Moses H. Cone*, 461 U.S. 1 at 17 n.20 (noting that a suit may be vexatious or reactive when a party files a federal suit once a state court action is already pending, warranting abstention under *Colorado River*). Here, Plaintiff knew that the California Case was pending. Doc. No. 12 at PageID 161. Despite this, Plaintiff still decided to file a mirror-image lawsuit before this Court, raising concerns that its suit was reactive. *Id.* This factor supports abstention.

*8. Factor No. 8: The Presence or Absence of Concurrent Jurisdiction*

When a state and federal court have concurrent jurisdiction and the parties' claims arise under state law, this factor favors abstention. *See Kornhauser*, 2018 WL 4625552, at *3 ("[T]he eighth factor—the presence of concurrent jurisdiction—favors abstention here because state law

governs the parties' claims and there is no express preference under the applicable law for federal litigation"). The parties agree that this Court and the forum in California have concurrent jurisdiction over these proceedings. Doc. No. 7 at PageID 65; Doc. No. 11 at PageID 139; Doc. No. 12 at PageID 161. This factor supports abstention. *See Preferred Care*, 2017 WL 129036, at *8 ("[T]he presence of concurrent jurisdiction . . . counsels in favor of abstention.").

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss or Stay (Doc. No. 7). Specifically, the Court will **STAY** this case pending resolution of the California Case. Within **thirty (30)** days of the termination of that case, whether by judgment on the merits or otherwise, the parties shall file a joint status report advising the Court of their respective positions regarding the appropriate path forward.

**IT IS SO ORDERED.**

October 16, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge